UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-22196-CV-GAYLES
MAGISTRATE JUDGE REID

WILLIAM BARRY MILLIKEN JR.,

     Plaintiff,

v.

U.S. MARSHALS,

     Defendant.

_____/

## <u>REPORT OF MAGISTRATE JUDGE</u>

### I.  Introduction

This matter is before the Court on Plaintiff's *pro se* civil rights Complaint. [ECF No. 1]. This case has been referred to the Undersigned pursuant to S.D. Fla. Admin Order 2019-2. [ECF No. 2]. As set forth below, Plaintiff's Complaint should be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

### II. Standard of Review

Under 28 U.S.C. § 1915A, district courts are required to review complaints in which a prisoner seeks redress against governmental entities, employees, or officers and dismiss the complaint if it (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted or (2) seeks monetary relief from an immune

defendant. *See also Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007)

This provision of the Prisoner Litigation Reform Act of 1996 (PLRA) applies even if a prisoner is not proceeding *in forma pauperis* and even if a party has not paid the requisite filing fee. *Thompson*, 213 F. App'x at 942 (citing *Carr v. Dvorin*, 171 F.3d 115, 116 (2nd Cir. 1999)). In contrast § 1915(e)(2)(B) applies only to prisoners who proceed IFP. Under § 1915A(c), a "prisoner" is "any person incarcerated or detained in any facility." Accordingly, as Plaintiff is a "prisoner" and has not filed a motion to proceed IFP, the Court is required to review Plaintiff's complaint.

"A claim is frivolous if and only if it lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)).

### III. Allegations

Plaintiff's allegations mention something called a "work consent for the U.S. Marshals," which "gives…privacy issues." [ECF No. 1 at 4]. Plaintiff also describes himself as a "world leader in every aspect there can be[.]" [*Id.*] Beyond that, the allegations are unintelligible.

### IV. Discussion

Although the allegations do not appear fantastical, there is nothing in the complaint indicating an arguable basis in fact or law exists. As such, the claims

should be dismissed for frivolousness.[1] *See Miller*, 541 F.3d at 1100.

## V. Conclusion

Based on the foregoing, the Complaint should be **DISMISSED** for frivolousness pursuant to 28 U.S.C. § 1915A(1). It is further recommended that this case be **CLOSED**.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   William Barry Milliken, Jr.
      South Florida Evaluation & Treatment Center
      18680 SW 376th Street
      Florida City, FL 33034
      PRO SE

---

[1] There are other deficiencies with the Complaint, including Plaintiff's failure to file his allegations under penalty of perjury and to provide a complaint that substantially complies with the form complaint pursuant to S.D. Fla. 88.2.